UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

TERRY GROVES
MICHAEL BARNHOUSE
DANIEL M. D'AMBROSIA

      Plaintiffs

v.                                                    Civil Action No. 2:05-0960

UNITED STEEL WORKERS OF AMERICA
LOCAL UNION NO. 15293 and
GEORGIA-PACIFIC CORPORATION and
COLLINS HARDWOOD COMPANY, LLC

      Defendants

MEMORANDUM OPINION AND ORDER

On June 23, 2006, the parties submitted to the court a proposed agreed protective order with respect to "CONFIDENTIAL" documents produced during discovery.  The court presumes the request is made pursuant to Federal Rule of Civil Procedure 26(c)(7), although that specific subdivision is not cited.

The standard employed by our court of appeals for determining whether a Rule 26(c)(7) order is appropriate was summarized in In re Wilson, 149 F.3d 249 (4th Cir.1998), as follows:

> Fed.R.Civ.P. 26(c)(7) provides that "for good cause shown," a court may enter a protective order requiring

1

> "that a trade secret . . . not be revealed or be
> revealed only in a designated way."  To obtain a
> protective order under Rule 26(c), the party resisting
> discovery must establish that the information sought is
> covered by the rule and that it will be harmed by
> disclosure. See 8 Charles Alan Wright & Richard L.
> Marcus, Federal Practice and Procedure § 2043, at
> 555-57 (2d ed.1994). If this showing is made, the party
> seeking the materials then must establish that the
> information is sufficiently necessary and relevant to
> his case to outweigh the harm of disclosure.

Id. at 252.  The cited treatise notes, "[a]s with any

protective-order motion, the showing should be made with

appropriate specifics.  Any motion seeking protection on the

basis of confidentiality is premature until such time as

disclosure of a trade secret is actually requested."  8 Wright &

Marcus, § 2043 (emphasis added).

       The proposed agreed order identifies the subject

"CONFIDENTIAL" documents as "includ[ing] all documents concerning

personnel matters and matters related to the sale of assets for

the Richwood sawmill between Georgia-Pacific Corporation and

Collins Hardwood Company, LLC."  (Agd. Protec. Order at ¶ 4).

This very brief explanation lacks specificity and appears to be

facially overbroad.  The showing does not suffice under In re

Wilson.  If the parties wish to secure the protection offered by

a court-sanctioned protective order, it is incumbent upon them to

make the requisite showing.  Inasmuch as that showing is

presently lacking the court declines to enter the proposed agreed protective order.

Should the parties desire to frame their request anew, they should furnish to the court one or more logs of proposed confidential documents.  The court expects the log to contain a brief explanation outlining the nature of each submitted document, the harm that will result from disclosure, and the reason that such document should be maintained as confidential.

Further, should the parties seek to file any fruits of discovery under seal at a later juncture in the case, they should be aware of the law governing such requests.  Foremost, the "[p]ublicity of [court] records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." Columbus-America Discovery Group v. Atl. Mut. Ins. Co., 203 F.3d 291, 303 (4th Cir. 2000).  The right of public access to court documents derives from two separate sources, namely, the common law and the First Amendment.  The common law right affords presumptive access to all judicial records and documents.  Nixon v. Warner Comms., Inc., 435 U.S. 589, 597 (1978); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988).  Submitted documents within the common law right may be sealed, however, if competing interests outweigh the

3

public's right of access.  <u>Nixon</u>, 435 U.S. at 598-99, 602-03; <u>In re Knight Publ'g Co.</u>, 743 F.2d 231, 235 (4th Cir. 1984).

The First Amendment right of access has a more limited scope than the common law right, having only "been extended . . . to particular judicial records and documents."  <u>Stone</u>, 855 F.2d at 180.  It attaches if: (1) "the place and process have historically been open to the press and general public"; and (2) "public access plays a significant positive role in the functioning of the particular process in question."  <u>Press-Enterprise Co. v. Superior Court</u>, 478 U.S. 1, 8-9 (1986) (quoted in <u>Baltimore Sun Co. v. Goetz</u>, 886 F.2d 60, 64 (4th Cir. 1989)).  To avoid disclosure under the First Amendment right of access, the movant must show "the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest."  <u>Globe Newspaper Co. v. Superior Court</u>, 457 U.S. 596, 606-07 (1982); <u>Press-Enterprise Co.</u>, 478 U.S. at 15; <u>Va. Dep't of State Police v. Washington Post</u>, 386 F.3d 567, 573 (4th Cir. 2004); <u>Stone</u>, 855 F.2d at 180.

The court of appeals for the Fourth Circuit has observed as follows:

> Regardless of whether the right of access arises from the First Amendment or the common law, it "may be abrogated only in unusual circumstances."  When

**4**

presented with a request to seal judicial records or
documents, a district court must comply with certain
substantive and procedural requirements.  As to the
substance, the district court first "must determine the
source of the right of access with respect to each
document," because "[o]nly then can it accurately weigh
the competing interests at stake."

<u>Washington Post</u>, 386 F.3d at 576 (citations omitted).[1]


        The Clerk is directed to forward copies of this order

to all counsel of record.

                            DATED:  July 10, 2006

                            _____
                            John T. Copenhaver, Jr.
                            United States District Judge

_____

        [1]With respect to procedures for handling sealing requests,
<u>see</u> <u>Media General Operations, Inc. v. Buchanan</u>, 417 F.3d 424, 435
(4th Cir. 2005).